## O. Calhoun v. The State.

Theft. — In view of the prerogative of juries to weigh the evidence and pass upon the credibility of witnesses, a conviction for theft of a colt is sustained in the present case, notwithstanding that the only State's witness who positively identified the animal was contradicted by several witnesses for the defence, — a suggestive though negative feature of the case being that the defendant made no effort to show what had become of the colt seen in his possession but asserted by him to have been a different one than the colt described in the indictment.

APPEAL from the District Court of Hamilton.   Tried below before the Hon. T. L. Nugent.

The opinion states the case.

*Eidson & Pierson* and *G. H. Goodson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   Appellant was tried and convicted for theft of a colt, the property of one John Shipman.   The animal was alleged to have been stolen on the fifteenth day of July, A. D. 1878.   Defendant was indicted on the 20th of September, 1878, and was tried and convicted September 6, 1879, — a period lacking only a few days of a year from the date of the finding of the indictment to the judgment.

On the trial, but one witness testified positively that the colt which he saw in defendant's possession was the property of Shipman, or rather that it was the same colt he afterwards saw in possession of and claimed by Shipman. Several witnesses testified that they had seen the colt defendant had in possession, and the one claimed by Shipman, and that they were not the same animals, though very much alike, Shipman's being of lighter color than the one had by defendant.

The defence evidently was based, not upon the theory of mistake, but upon the hypothesis that there were in fact two colts, — one rightfully belonging to defendant, and the other to Shipman. The charge of the court was a very clear and able enunciation of the law applicable to the facts ; and with a view specially to the defence relied upon, the jury were instructed in the sixth subdivision : " If you believe from the evidence that the defendant took said colt in good faith, believing he had authority to do so, or if you believe from the evidence that he took some other colt, not the property of John Shipman, or if you have a reasonable doubt as to whether the colt found in his possession (if any) was the property of John Shipman, in either case you will find the defendant not guilty."

It was peculiarly within the province of the jury to judge of the credibility and weight of the testimony, and they have seen fit to believe the testimony of the State's witness. We cannot say that they have erred ; for, in addition to the evidence adduced, there is another important circumstance, of a negative character, unaccounted for, and growing directly out of the defence made in the case ; and that is, that though twelve months had elapsed from the filing of the indictment to the trial, yet defendant never offered to prove by a single person that the Holloway colt, which he claims was the one in his possession, has ever been seen or heard of since Shipman got the colt alleged to have been stolen. If he was honest in the defence set up, certainly he

should have shown, to say the least of it, what had become of the Holloway colt. *Gorman* v. *The State*, 23 Texas, 646.

In so far as a motion for a new trial on the ground of newly discovered evidence is concerned, we think defendant might have discovered the evidence of the witness Thomas by the use of ordinary diligence, he (Thomas) having lived a near neighbor of his for some months after and during the excitement and talk occasioned by the charge of theft of this colt against defendant. The witness Jolly's testimony was only cumulative of evidence already adduced; and we cannot say that the additional testimony of Holloway and Bryson was material, or that it would have affected the result upon another trial. The court did not err in overruling the motion.

Being unable to see any material error committed on the trial, prejudicial to the rights of appellant, the judgment of the court below is affirmed.

*Affirmed.*